UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISAAC HUBBERT,

    Plaintiff,

  v.                                        20-CV-231
                                               ORDER

KEVIN SUTHERLAND, HON.
CHRISTOPHER CIACCIO, and
ELIZABETH RILEY,

    Defendants.

---

The *pro se* plaintiff, Isaac Hubbert, was a prisoner at Marcy Correctional Facility ("Marcy") when he filed this section 1983 action. On February 26, 2020, this Court granted him permission to proceed *in forma pauperis*, Docket Item 4, but found that his complaint could not proceed because Hubbert had failed to state any claim upon which relief could be granted. *Id.*

On March 20, 2020, Hubbert filed an amended complaint raising the same claims against the same three individuals, all persons involved in the criminal conviction underlying his incarceration at Marcy: the public defender who handled his case, Elizabeth Riley; the assistant district attorney who prosecuted him, Kevin Sutherland; and the judge who presided, Hon. Christopher Ciaccio. Docket Item *Id.* at 1-2. More specifically, Hubbert again alleged that Riley provided ineffective assistance of counsel in violation of his First, Sixth, and Fourteenth Amendment rights; that Sutherland maliciously prosecuted him in violation of his Fourth and Fourteenth Amendment rights; and that Sutherland failed to protect him in violation of his Eighth and Fourteenth Amendment rights.

Because Hubbert has again failed to state cognizable claims, his complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Even assuming that Riley provided ineffective legal counsel to Hubbert, it is well established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *see Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). And Hubbert again has not alleged facts supporting any of the narrow exceptions to that rule—for example, that Riley's action involved "hiring and firing decisions [made] on behalf of the State" or the performance of "administrative and . . . investigative functions," *see id.* (citing *Branti v. Finkel*, 445 U.S. 507 (1980)).

With respect to his malicious prosecution claims against Sutherland, Hubbert again has failed to allege a basic element of that claim—that the underlying "[criminal] proceeding ended in [his] favor," *see Cook v. Sheldon*, 41 F.3d 73, 79-80 (2d Cir. 1994).

Hubbert's failure-to-protect claim also is dismissed because Hubbert either seeks to hold Sutherland responsible for not prosecuting an inmate who allegedly raped Hubbert or seeks his release as a remedy for Sutherland's alleged failure to protect Hubbert from rape at Marcy. If Hubbert premises his claim on Sutherland's decision not to prosecute his alleged rapist, the claim fails for the same reason discussed in this Court's prior order: Sutherland's decision is protected by prosecutorial immunity, *see Barrett v. United States*, 798 F.2d 565, 571-72 (2d Cir. 1986) (citations omitted), and Hubbert has not alleged that Sutherland's actions fall within any of the narrow immunity

exceptions—that is, that Sutherland acted in the "role of an administrator or investigative officer," *Warney v. Monroe Cty.*, 587 F.3d 113, 121 (2d Cir. 2009) (citation omitted), or "proceed[ed] in the clear absence of all jurisdiction," *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (citation omitted). If Hubbert instead premises his claim on the more general notion that Sutherland failed to protect Hubbert from rape, the claim also fails. Sutherland is not a prison official and therefore had no duty—or even power—to protect Hubbert from any dangers at Marcy. *See generally Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) ("The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody.").

And in any event, this Court has no authority under section 1983 to order Hubbert's release. In fact, before Hubbert could even bring a section 1983 action based on a claim that would question the validity of his confinement, he first would have to show that his confinement has been found invalid by a state court. *See Heck v. Humphrey*, 512 U.S. 477 (1994) ("[I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a . . . sentence invalid, a [section] 1983 plaintiff must prove that the . . . sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.").

Finally, to the extent Hubbert intends to bring claims against Ciaccio, those claims are dismissed because Hubbert has not alleged any supporting facts in the body of his complaint. *See* Docket Item 8 at 5-6.

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that Hubbert's amended complaint, Docket Item 8, is DISMISSED, and the Clerk of Court shall close the case; and it is further

ORDERED that Hubbert's motion to subpoena the defendants, Docket Item 5, is DENIED as moot; and it is further

ORDERED that Hubbert's request that this Court appoint him counsel, Docket Item 6, is DENIED as moot; and it is further

ORDERED, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: March 25, 2020
Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE